IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Shawn Hayes, #56035,                              ) C.A. No.  8:07-3779-PMD
                                                  )
                    Plaintiff,                    )
                                                  )
        vs.                                       )        **ORDER**
                                                  )
Captain Bowman; Sgt. Jackson; Sgt. Watkins;       )
and Officer Goldwire,                             )
                                                  )
                    Defendants.                   )
                                                  )

This matter is before the court upon the magistrate judge's recommendation that this action

be dismissed.  Because plaintiff is proceeding pro se, this matter was referred to the magistrate

judge.[1]

This Court is charged with conducting a de novo review of any portion of the magistrate

judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole

or in part, the recommendations contained in that report.  28 U.S.C. § 636(b)(1).  However, absent

prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court

to review the factual and legal conclusions of the magistrate judge.  Thomas v Arn, 474 U.S. 140

(1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's

report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate

court level.  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).[2]  No objections have been filed

---

[1]Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local
Rule 73.02(B)(2)(d), D.S.C., the magistrate judge is authorized to review all pretrial matters and
submit findings and recommendations to this Court.

[2]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must
receive fair notification of the consequences of failure to object to a magistrate judge's report

to the magistrate judge's report.  Moreover, the report and recommendation sent to plaintiff was

returned with a notation from the U.S. Postal Service stating "NO LONGER AT THIS ADDRESS -

RETURN TO SENDER" and no change of address had been given as directed by the court.[3]

A review of the record indicates that the magistrate judge's report accurately summarizes this

case and the applicable law, therefore, the magistrate judge's report and recommendation is hereby

adopted as the order of this Court.  For the reasons articulated by the magistrate judge,  it is hereby

**ordered** that the within action is **dismissed** pursuant to Fed. R.Civ. Proc. 41(b) for lack of

prosecution.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

April 29, 2008
Charleston, South Carolina

---

before such a procedural default will result in waiver of the right to appeal.  The notice must be
'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is
required.'"  Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed
within ten (10) days, and he received notice of the consequences at the appellate level of his
failure to object to the magistrate judge's report.

[3]The court issued an order on November 27, 2007, instructing plaintiff to keep the Clerk
of Court advised in writing of any change of address.

## **NOTICE OF APPEAL**

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.